UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

AMIL DINSIO,

                              Plaintiff,

                                                    DECISION AND ORDER

                                                    05-CV-6159L

              v.

THE FEDERAL BUREAU OF INVESTIGATION,
et al.,

                              Defendants.
_____


     Plaintiff, Amil Dinsio, appearing *pro se*, filed the complaint in this action under the Freedom

of Information Act ("FOIA"), 5 U.S.C. § 552, against the Federal Bureau of Investigation ("FBI"),

the United States Department of Justice ("DOJ"), and the Attorney General of the United States,

seeking an order directing defendants to release to plaintiff certain records that plaintiff alleges

defendants have wrongfully withheld from him. These documents relate to plaintiff's federal bank

burglary conviction that was affirmed in 1973.[1]

     On August 21, 2006, this Court entered a Decision and Order granting in part and denying

in part defendants' summary judgment motion. 445 F.Supp.2d 305. Specifically, the Court dismissed

one of plaintiff's causes of action, relating to a particular records request that he made in 2005, based

on plaintiff's failure to exhaust his administrative remedies as to that request. *Id.* at 311.  I denied

_____

[1]Plaintiff is now in custody with the New York State Department of Corrections on a
subsequent conviction in New York involving robbery, kidnaping and use of a firearm.

defendants' motion as to plaintiff's remaining claims, on the ground that the declaration of David M. Hardy, the Section Chief of the FBI's Record/Information Dissemination Section, Records Management Division, which had been submitted in support of defendants' motion, was not sufficiently detailed to meet the standards for summary judgment in FOIA cases. *Id.* at 312-13. I therefore denied the motion without prejudice to defendants' renewal of the motion, "provided that they submit affidavits or declarations that meet th[os]e standards ... ." *Id.* at 313.

Defendants have now renewed their motion for summary judgment. In support of the motion, they have submitted a second declaration of David Hardy (Dkt. #33-3), which sets forth in some detail the nature of the FBI's Central Records System ("CRS") and the methods used to search for records responsive to plaintiff's request. Hardy states that no records in addition to those already provided to plaintiff were discovered as a result of this search. Dkt. #33-3 ¶¶ 11, 12.

In opposition to defendants' motion, plaintiff has filed an affidavit pursuant to Rule 56(f) of the Federal Rules of Civil Procedure, seeking "unstricted [sic] discovery" to determine if additional undisclosed records exist. Dkt. #36 at 16. Plaintiff has also filed several motions of his own, which are discussed below.

## DISCUSSION

### I. Defendants' Motion for Summary Judgment

"To merit summary judgment on the adequacy of a search[ for records], an 'agency must demonstrate beyond material doubt that its search was reasonably calculated to uncover all relevant

documents.'" *Students Against Genocide v. Department of State*, 257 F.3d 828, 838 (D.C. Cir. 2001) (quoting *Nation Magazine v. U.S. Customs Service*, 71 F.3d 885, 890 (D.C. Cir. 1995)). "Summary judgment may be based on affidavit, if the declaration sets forth sufficiently detailed information 'for a court to determine if the search was adequate.'" *Students Against Genocide*, 257 F.3d at 838 (quoting *Nation Magazine*, 71 F.3d at 890).

"Affidavits submitted by an agency are 'accorded a presumption of good faith.'" *Carney v. United States DOJ*, 19 F.3d 807, 813 (2[d] Cir. 1994) (quoting *Safecard Servs., Inc. v. SEC*, 926 F.2d 1197, 1200 (D.C. Cir. 1991)). "[A]ccordingly, discovery relating to the agency's search ... generally is unnecessary if the agency's submissions are adequate on their face. When this is the case, the district court may 'forgo discovery and award summary judgment on the basis of affidavits.'" *Carney*, 19 F.3d at 813 (quoting *Goland v. CIA*, 607 F.2d 339, 352 (D.C. Cir. 1978), *cert. denied*, 445 U.S. 927 (1980)).

In the case at bar, Hardy's second declaration more than meets that standard. After explaining in detail how records are maintained, organized and indexed in the CRS, he states that those records were searched using both plaintiff's name and address. It is clear from Hardy's explanation that if records responsive to plaintiff's requests were contained in the CRS, those searches would have unearthed them, but none were found. *See* Dkt. #33-3 ¶¶ 10, 11.

In response to defendants' motion, plaintiff contends, in short, that other records must exist, and that defendants are "improperly withholding" them. Dkt. #36 at 3. He contends that if the searches described by Hardy did not yield any additional records, then those records must have been "purged" from the FBI's files, and may be "hidden away in some box or filing cabinet ... ." *Id.*

Plaintiff contends that this is consistent with a pattern of deceit on defendants' part, which he alleges includes the use of "bogus" search warrants in connection with the 1972 criminal prosecution, subornation of perjury, and planting false fingerprints. As plaintiff puts it, "[t]he list of [alleged] government deceit could go on and on." *Id.* at 2. Plaintiff seeks discovery to prove that "the defendants are knowingly and improperly withholding records that are subject to release under an [sic] FOIA request," and that "Hardy's declarations, claiming an adequate search was conducted for the records, were false and were presented to the court in bad faith." *Id.* at 13.

That is not enough to defeat defendants' motion for summary judgment. First, as a general rule, "FOIA actions are typically resolved without discovery." *Voinche v. FBI*, No. CIV.A. 04-1824, 2006 WL 177399, at *9 (Jan. 24, 2006), *aff'd*, 2007 WL 1234984 (D.C. Cir. 2007); *see also Wheeler v. CIA*, 271 F.Supp.2d. 132, 139 (D.D.C. 2003) ("Discovery is generally unavailable in FOIA actions"). In particular, discovery is not to be granted when it "is sought for the 'bare hope of falling upon something that might impugn the affidavits' submitted by the government." *Citizens for Responsibility and Ethics in Washington v. United States DOJ*, No. CIV. 05-2078, 2006 WL 1518964, at *3 (D.D.C. June 1, 2006) (quoting *Founding Church of Scientology v. NSA*, 610 F.2d 824, 836-37 n. 101 (D.C. Cir. 1979)). Rather, "[i]n order to justify discovery ... the plaintiff must make a showing of bad faith on the part of the agency." *Carney*, 19 F.3d at 812.

Conclusory allegations that other, undisclosed records "must" exist somewhere, that they are within defendants' control, and that defendants must therefore have conducted an inadequate search, or that they are deliberately concealing the records, are not enough to make such a showing. *See*, *e.g.*, *Anderson v. United States DOJ*, No. 05-CV-2248, 2007 WL 952038, at *9 (E.D.N.Y. Mar. 28,

2007) (stating that "plaintiff relies upon conclusory, oblique allegations and rank speculation that records concerning him must exist," and that his unsupported, "unshaken belief that records concerning him do in fact exist ... and therefore DOJ could not have conducted a reasonable search because it did not find such records ... does not establish that DOJ's search was unreasonable"); *Smith v. FBI*, 448 F.Supp.2d 216 (D.D.C. 2006) (where plaintiff "provide[d] nothing to support" his assertion "that defendant [wa]s 'clearly lying'" about its search for records, court concluded that defendant's search in response to plaintiff's FOIA request was reasonable) (citing *Carney*, 19 F.3d at 813); *Jones-Edwards v. Appeal Bd. of NSA Central Security Agency*, 352 F.Supp.2d 420, 422 (S.D.N.Y. 2005) ("Plaintiff's belief ... that NSA did not make a reasonable search–because if it had it would have found something–is not enough to withstand [a] motion for summary judgment"). That is all that plaintiff has done here.  Defendants are therefore entitled to summary judgment.

## II. Plaintiff's Motions

Plaintiff has filed a number of motions that are pending before the Court.  All of those motions are denied.

Several of the motions relate to discovery.  One such motion (Dkt. #40) seeks an order compelling defendants to produce a copy of a letter that plaintiff alleges he received from a DOJ official in 1994 (which he refers to as a "snitch letter") concerning his then-pending FOIA request. In a separate motion (Dkt. #41), plaintiff requests that he be permitted to conduct "limited discovery" concerning the "snitch letter."

In another motion to compel (Dkt. #46), plaintiff seeks an order directing defendants to produce some 900 pages of FBI documents that he alleges defendants "have been improperly withholding for over 33 years and lying to do it," *id.* ¶ 3, as well as for sanctions and other relief. Another motion (Dkt. #47) seeks to compel defendants "to date the complaint's exhibit A," which is a copy of an undated internal FBI memorandum concerning some items that had been seized from plaintiff's garage during the criminal investigation of the 1972 bank burglary.

All of those motions are denied. They essentially repeat plaintiff's allegations in his Rule 56(f) affidavit in opposition to defendants' summary judgment motion, concerning defendants' alleged deceit and withholding of documents. The motions are based on rank speculation and unsupported assertions, and fail to show how the requested discovery would be likely to demonstrate the existence of any genuine issue of material fact.

Plaintiff has also filed a motion (Dkt. #48) to strike Hardy's declarations filed in support of defendants' current and prior motions for summary judgment. Again, that motion is based on plaintiff's conclusory allegations that Hardy is lying. That does not provide a proper basis for a motion to strike. *See*, *e.g.*, *Cherry v. Frank*, No. 03-C-129, 2003 WL 23205817, at *2 (W.D.Wis. Dec. 4, 2003) (denying plaintiff's motion to strike affidavit based on plaintiff's assertion that defendants were lying about certain fact; "A court may not 'strike' a piece of evidence simply because a party has contrary evidence").

Finally, plaintiff's has filed a motion to set a trial date (Dkt. #43). That motion is denied as moot.

**CONCLUSION**

Defendants' motion for summary judgment (Dkt. #33) is granted, and the complaint is dismissed.

Plaintiff's motions to compel (Dkt. #40, #46, and #47), his motion for discovery and other relief (Dkt. #41), and his motion to strike (Dkt. #48), are denied.  Plaintiff's motion to set this case for trial (Dkt. #43) is denied as moot.

IT IS SO ORDERED.

_____

DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
        August 16, 2007.